IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MORIBA BA, et al., :
        Plaintiffs, :
         :
   v. : Civ. No. 13-72
         :
HSBC USA, INC., et al, :
        Defendants. :
         :

## O R D E R

Plaintiffs Moriba Ba, Donald Chipp, Sherrica Chipp, Shawn Hunt, Eugene Murano, and Yolanda Wiggins have filed a class action complaint, alleging violations of the Real Estate Settlement Procedures Act of 1974 and common law unjust enrichment by various HSBC entities, as well as private mortgage insurers United Guaranty Residential Insurance Co., Genworth Mortgage Insurance Co., Republic Mortgage Insurance Co., and Mortgage Guaranty Insurance Corp. (Doc. No. 1.) Defendants have filed three motions to dismiss. (Doc. Nos. 48, 49, 50.)

The HSBC Defendants seek dismissal pursuant to Rule 12(b)(6), arguing that Plaintiffs' RESPA claims are time-barred and that the unjust enrichment claims are coextensive with the RESPA claims. (Doc. No. 50.) Genworth, Republic, and Mortgage Guaranty make similar arguments in their Motion. (Doc. No. 49.) In its Motion to Dismiss, United Guaranty makes the same timeliness arguments, and also contends that the Chipps, Ba, and Murano lack standing. (Doc. No. 48.) The matter has been fully briefed. (Doc. Nos. 57, 66, 67, 68, 74, 75.) I will grant in part and deny in part Defendant United Guaranty's Motion (Doc. No. 48), and deny the remaining Motions. (Doc. Nos. 49, 50.)

I. FACTS ALLEGED

Plaintiffs obtained home mortgage loans from HSBC Mortgage between January 2006 and April 2008. Because Plaintiffs made down payments of less than 20%, HSBC Mortgage required them to obtain private mortgage insurance from an insurer selected by HSBC Mortgage—here, Republic Mortgage, Mortgage Guaranty, United Guaranty, or Genworth Mortgage. The policies issued by these private insurers were, in turn, reinsured by HSBC Reinsurance pursuant to a "captive reinsurance agreement." Plaintiffs allege that these reinsurance services were illusory because HSBC Reinsurance did not assume any risk and could abandon its purported reinsurance obligations at any time. Rather, the reinsurance arrangement created a pretext for the private insurers to pay the HSBC Defendants— through HSBC Reinsurance—a kickback in exchange for referring its mortgagees to them.

Plaintiffs charge under RESPA that: (1) the private mortgage insurers made illegal referral payments in the form of "reinsurance premiums" to the HSBC Defendants; and (2) the HSBC Defendants unlawfully received a "split" of Plaintiffs' insurance premium from the private insurers. 12 U.S.C. § 2607(a)-(b).

II. DISCUSSION

   A. *Timeliness*

The one year limitations period governing RESPA violations begins to run from the date of the subject loan's closing. See 12 U.S.C. § 2614; Kamara v. Columbia Home Loans, LLC, 654 F. Supp. 2d 259 (E.D. Pa. 2009). Plaintiffs' loans closed between four and seven years before bringing the instant action—well outside the one year limitations period. (Doc. No. 1 at ¶¶ 14-18.)

I will not dismiss at this early stage, however, because Plaintiffs have sufficiently pled equitable tolling. Plaintiffs allege that Defendants used form mortgage documents, disclosures, and

2

affiliated business arrangements actively to mislead them. (Doc. No. 1 at ¶112-13); Barlee v. First Horizon Nat.'l Corp., No.12-3045, 2013 WL 706091, at *5 (E.D. Pa. Feb. 27, 2013) ("[a]llegations of misleading mortgage documents are sufficient to allege equitable tolling in a RESPA case"). Plaintiffs further allege that Defendants' actions made it virtually impossible to uncover the true nature of the reinsurance arrangements. (Doc. No. 1 at ¶144.) Finally, it is alleged that each Plaintiff was diligent because he or she fully participated in the loan process and reviewed the documents presented. (Doc. No. 1 at ¶145); Riddle v. Bank of Am. Corp., No. 12-1740, 2013 WL 1482668, at *8 (E.D. Pa. Apr. 11, 2013) (plaintiff's full participation in loan transaction constitutes diligence for equitable tolling); Marple v. Countrywide Fin. Corp., No.07-4402, 2008 U.S. Dist. LEXIS 37705, at *14-15 (D.N.J. May 7, 2008) (same).

In these circumstances, I will await summary judgment to determine whether Plaintiffs' RESPA claims are untimely. In re Cmty. Bank of N. Va., 622 F.3d 275, 301-02 (3d Cir. 2010) (generally, equitable tolling should not be resolved at the 12(b)(6) stage).

### B. *Unjust Enrichment Claims*

Defendants argue that Plaintiffs' unjust enrichment claims fail because they are: (1) time-barred, and (2) coextensive with Plaintiffs' RESPA claims. Once again, I will not, at this stage, dismiss the claims as time-barred.

An unjust enrichment claim is "inapplicable where a written or express contract exists" and the express contract is "on the same subject" as the unjust enrichment claim. Berger v. Zeghibe, 465 F. App'x 174, 185 (3d Cir. 2012). At this stage, I am unable to determine whether Plaintiffs' express contracts with Defendants are "on the same subject" as their claim for unjust enrichment. Accordingly, I will not dismiss.

C.  *Standing*

Defendant United Guaranty argues that Donald and Sherrica Chipp, Moriba Ba, and Eugene Murano lack standing because these Plaintiffs have not alleged that United Guaranty insured any of their loans. (Doc. No. 48 at 24.) Plaintiffs failed to respond to this argument. Because the Chipps, Ba, and Murano do not allege that United Guaranty provided them with mortgage insurance or conspired with other private insurers to cause them harm, it appears that they are without standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1991) (injury must be traceable to defendant).

Accordingly, I will grant Defendant United Guaranty's Motion to dismiss all claims by Moriba Ba, Donald and Sherrica Chipp, and Eugene Murano.

**AND NOW**, this 26th day of June, 2013, upon consideration of Defendants' Motions to Dismiss (Doc. Nos. 48, 49, 50), and all related briefing (Doc. Nos. 57, 66, 67, 68, 74, 75) it is hereby **ORDERED** as follows:

1. Defendants HSBC USA, Inc., HSBC Bank USA, N.A., HSBC Mortgage Corporation, and HSBC Reinsurance (USA) Inc.'s Motion to Dismiss (Doc. No. 50) is **DENIED without prejudice**;

2. Defendants Republic Mortgage Insurance Co., Mortgage Guaranty Insurance Co., and Genworth Mortgage Insurance Corp.'s Motion to Dismiss (Doc. No. 49) is **DENIED without prejudice**; and

3. Defendants United Guaranty Residential Insurance Co.'s Motion is **GRANTED** as to Plaintiffs Moriba Ba, Donald and Sherrica Chipp, and Eugene Murano and is otherwise **DENIED without prejudice.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.